**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALBERTO LOVIO-VALENCIA, | No. 19-71462 |
| Petitioner, | Agency No. A216-377-073 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Luis Alberto Lovio-Valencia, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

The agency did not abuse its discretion in determining that Lovio-Valencia's conviction was a particularly serious crime that barred him from asylum and withholding of removal, where the agency considered the correct factors. *See Avendano-Hernandez*, 800 F.3d at 1077 ("Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." (internal quotation marks and citation omitted)); *Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) (all reliable information may be considered in making a particularly serious crime determination (citation omitted)). We reject as unsupported by the record Lovio-Valencia's contention that the IJ did not adequately review the record in making the particularly serious crime determination. Thus, Lovio-Valencia's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Lovio-Valencia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian*, 755

19-71462

F.3d at 1035 (concluding that petitioner did not establish the necessary "state action" for CAT relief).

On October 24, 2019, the court granted a stay of removal. The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**